

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 3, 1966

Honorable William M. King                   Opinion No. C-630
Securities Commissioner of Texas
Sam Houston State Office Building      Re:   Payment of dividends
Austin, Texas                                    from earned surplus.

Dear Mr. King:

        In your opinion request you have submitted the following questions:

        "1.  May a domestic corporation lawfully pay dividends in cash, property, or shares out of its earned surplus to any persons other than its shareholders?

        "2.  May a life insurance corporation, chartered and authorized to do business in the State of Texas, lawfully pay dividends in cash, property or shares out of its earned surplus to policy holders?"

        The payment of dividends by a domestic corporation organized under the Texas Business Corporation Act is controlled by Article 2.38 of such Act.

        Article 2.38, Texas Business Corporation Act, provides as follows:

        "A.  The board of directors of a corporation may, from time to time, declare, and the corporation may pay, dividends <u>on its outstanding shares</u> in cash, in property, or <u>in its own shares. . . .</u>" (Emphasis added.)

        The above quotation clearly limits a corporation coming within the terms thereof to pay dividends only to its outstanding shareholders.

        Therefore, the answer to your first question must be answered in the negative.

Your second question relates to whether a life insurance corporation may pay dividends out of its earned surplus to policyholders.

The Texas Business Corporation Act, Article 2.01, Sec. B(4)(d) and Article 9.14, Sec. A, excludes insurance companies of every type and character that operate under the insurance laws of this State, except to the extent that the insurance laws of this State contain no provision in regard to some of the matters provided in the Texas Business Corporation Act.

Those portions of the Texas Insurance Code controlling payment of dividends by insurance companies are as follows:

Article 3.11 provides:

"No life insurance company shall declare or pay dividends to its policy holders, except from the expense loading and profits made by such company; provided, however, any such company not showing a profit may pay dividends on its participating policies from the expense loading on such policies. . . .No such company shall declare or pay any dividends to its stockholders, except from the earned surplus of said company, as defined in, and in the manner authorized or provided by the Texas Business Corporation Act. . . ." (Emphasis added.)

Article 3.01, Sec. 11, provides:

"The 'profits' of a company are that portion of its funds not required for the payment of losses and expenses, nor set apart for any other purpose required by law."

Article 21.31 provides:

"It shall not be lawful for any insurance company organized under the laws of this State to make any dividend, except from surplus profits arising from its business. In estimating such profits, there shall be reserved therefrom the lawful reserve on all unexpired risks and also the amount of unpaid losses, whether adjusted or

unadjusted, and all other debts due and payable, or to become due and payable, by the company. . . ." (Emphasis added.)

Article 21.32 provides:

"No life, health, fire, marine, or inland insurance company, organized under the laws of this State, shall make any dividend except from the surplus profits arising from its business. In estimating such profits, there shall be reserved therefrom the lawful reserve on all unexpired risks computed in the manner as provided elsewhere in this Code, and also there shall be reserved the amount of the unpaid losses, whether adjusted or unadjusted; all sums due the company on bonds, mortgages, stocks and book accounts, of which no part of the principal or interest thereon has been paid during the year preceding such estimate of profits, and upon which suit for foreclosures or collections has not been commenced, or which after judgment has been obtained thereon shall have remained more than two years unsatisfied, and upon which interest shall not have been paid. In case of any such judgment, the interest due or accrued thereon and remaining unpaid shall also be reserved. . . . (Emphasis added.)

It is observed from the foregoing Articles of the Insurance Code that policyholders of an insurance company can be paid dividends from two sources, to-wit: (1) expense loading, and (2) profits made by such company. The term "profits" is defined in the above quoted articles.

An insurance company can pay dividends to stockholders only from the earned surplus of the company as defined in the Texas Business Corporation Act, Article 1.02, Sec. A(13) which states as follows:

"(13) 'Earned Surplus' means that portion of the surplus of a corporation remaining after deducting from its net profits, income and realized gains and losses from the date of incorporation or from the latest date when a deficit was eliminated by an application of its capital surplus or stated

capital, or otherwise, all subsequent distributions
to shareholders and transfers to stated capital
and capital surplus to the extent such distribu-
tions and transfers are made out of earned surplus."

Prior to 1963, insurance companies were allowed to
pay dividends to their stockholders only from the profits made
by said companies not including surplus arising from the sale
of stock. In 1963, the 58th Legislature amended Article 3.11,
Texas Insurance Code, as the same is above quoted.

From a review of Article 1.02, Sec. A(13), Texas
Business Corporation Act, it is obvious that "Earned Surplus"
as therein defined would include "profits" and "surplus profits"
as defined in Article 3.01, Sec. 11; Article 21.31; and Article
21.32, Texas Insurance Code. This conclusion is strengthened by
the last sentence of the first full paragraph on Page 15,
Volume 3A, V.A.T.S., which says "Earned surplus, at any time,
includes current profits and is not necessarily a year end
figure." Also, in United North and South Development Company
v. Heath, 78 S.W.2d 650 (Tex.Civ.App. 1935, error ref.) the
Court quoted with approval from Edwards v. Douglas, 269 U.S.
205, 46 S.Ct. 85, 70 L.Ed. 235, to the effect that "earned
surplus" is derived wholly from undistributed profits.

It would appear that there is a conflict between the
provisions of the Insurance Code allowing dividends from the
profits of the company to be paid to policyholders, and the
provisions of the Texas Business Corporation Act allowing only
shareholders to be paid dividends out of earned surplus. It
is the opinion of this office that the specific provisions of
the Insurance Code allowing dividends to policyholders must
control over the general provisions of the Texas Business
Corporation Act that restrict earned surplus to the payment
of dividends only to shareholders.

This office on previous occasions has concluded that
insurance companies can pay dividends to policyholders out of
profits of the company. Atty. Gen. Op. (1943) No. 0-4696 and
Atty. Gen. Op. (1943) No. 5052. Opinion No. 0-4696 concluded
that an insurance company conducting life, health and accident
business in different departments must show a profit from the
total operation of the company before dividends could be paid
upon any participating policy. Opinion No. 5052 stated that
a provision in a participating policy providing for the payment

Hon. William M. King, page 5 (C-630)

of dividends from the surplus earnings of the company, and further providing that such dividends would never be less than the dividend paid on a specified number of common shares of the company, was in compliance with the law.

The State Board of Insurance has for many years approved insurance policy forms providing for the payment of dividends to policy holders out of the profits of the company.

In view of the fact that the Insurance Code unquestionably allows the payment of policy holder dividends upon the profits made by the company, the limitations placed upon the payment of dividends only to shareholders from earned surplus by a domestic corporation organized under the Texas Business Corporation Act can not apply to life insurance corporations because "profits" would of necessity be a part of "earned surplus" as that term is defined by the Texas Business Corporation Act.

It is our opinion that a domestic insurance company can pay dividends to policyholders from surplus funds arising from profits made by such company, but such insurance company may not pay such policyholder dividends from that portion of surplus funds designated by its board of directors as earned surplus to be available for distribution to its stockholders.

To hold contrary to this opinion would be contrary to a long-standing departmental construction of the State Board of Insurance. We are not willing to overrule such a long-standing departmental construction in the absence of authority to show such construction to be wrong.

## SUMMARY

A domestic corporation may not lawfully pay dividends out of its earned surplus to any person other than its shareholders.

A life insurance corporation, chartered and authorized to do business in the State of Texas may lawfully pay dividends to policyholders from surplus funds arising from profits made by such company, but such insurance company may not pay such

policyholder dividends from that portion of
surplus funds designated by its board of
directors as earned surplus to be available
for distribution to its stockholders.

Sincerely yours,

WAGGONER CARR
Attorney General

By: _____
T. B. Wright
Executive Assistant Attorney General

TBW:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Wade Anderson
Kerns Taylor
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
By:  Hawthorne Phillips
     First Assistant Attorney General